Ivan **SOTO** and Altagracia
Soto, Plaintiffs,

v.

**UNITED STATES LINES, INC.,** Defendant and Third Party Plaintiff,

v.

**UNITED STATES PUBLIC HEALTH SERVICES, Department of Health & Human Services, United States of America, St. Clare's Hospital and Health Center, Dr. Tinaldo Adaniel and Dr. H. Iskander,** Third Party Defendants.

No. 83 Civ. 8462–CSH.

United States District Court,
S.D. New York.

April 1, 1985.

facts as reported in *State v. Weeks,* supra, and hold the evidence was sufficient." *State v. Weeks,* 603 S.W.2d at 659.

Fields & Rosen by Sol Gelman, New York City, for plaintiffs.

Gulmi, LaPenta, Campbell, Burns & Mahoney by Richard M. Winograd, New York City, for defendant and third-party plaintiff U.S. Lines, Inc.

Rudolph W. Giuliani, U.S. Atty., for S.D. N.Y. by Franklin H. Stone, Paula Van Meter, Asst. U.S. Attys., New York City, for U.S. and U.S. Agencies.

McAloon, Friedman & Mandell, P.C. by Gary A. Greenfield, New York City, for third-party defendant St. Clare's Hosp. & Health Center.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff Ivan Soto is a seaman. He alleges that he suffered a hernia while working on board defendant's ship. Sometime after the alleged incident he was treated for a hernia by third party defendants St. Clare's Hospital, Adaniel, and Iskander. In 1980 he and his wife sued these three to recover damages for claimed malpractice in connection with that treatment. That action was settled in 1983, approximately the same time that this action was commenced in state court. In this action plaintiffs seek recovery for all the damages arising out of the alleged hernia-causing accident. Judging from plaintiffs' responses to the present motions, they hope in part to recover once more for the alleged malpractice, although because only a bill of particulars

has been filed the precise nature and scope of their claims is unclear. The action was removed to federal court by the Public Health Service.

Third-party defendant St. Clare's now moves to dismiss the third-party complaint against it. That pleading can be construed as one for either contribution or indemnity. St. Clare's argues that it bears no legal relationship to defendant which would cause it to be liable for indemnity. It further argues that any claim for contribution which defendant might have is foreclosed by N.Y.Gen.Oblig.L. § 15–108(b). Defendant opposes and argues in the alternative that it is entitled to summary judgment on the issue of its liability to plaintiffs for St. Clare's alleged malpractice. Because all parties have submitted affidavits referring to facts outside the sparse pleadings, I treat all of the motions as for summary judgment under Rule 56, Fed.R.Civ.P.

Plaintiffs' claims arise under the Jones Act, 46 U.S.C. § 688, and general principles of maritime law. Defendant claims, correctly, that under general maritime law it could be held vicariously liable to plaintiffs—that is, liable without a finding of negligence on its part—for St. Clare's negligence. See Fitzgerald v. A.F. Burbank & Co., 451 F.2d 670, 680 (2d Cir.1971). The hospital might also, under certain circumstances, be held an "agent" of defendant for purposes of 45 U.S.C. § 51. A finding of agency would also impose vicarious liability to plaintiffs, but by way of the Jones Act. Id.; see also, Thomas v. Grigorescu, 582 F.Supp. 514 (S.D.N.Y.1984), aff'd. mem., 751 F.2d 371 (2d Cir.1984). If defendant were to be found liable on either of these theories, it would ordinarily be entitled to indemnity from St. Clare's.

■ Principles of res judicata, however, prevent plaintiffs from pursuing this theory. By settling the prior action plaintiffs have precluded themselves from obtaining a second recovery premised solely upon St. Clare's negligence. General principles of res judicata hold that a judgment entered in an action against an indemnitor, such as the hospital, precludes a later action against an indemnitee, such as defendant, to the same extent as it precludes a second action against the indemnitor. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4463 (1981). The settlement indisputably precludes any further action by plaintiffs against St. Clare's for malpractice associated with plaintiff Ivan Soto's hernia treatment. Transcontinental Oil Corp. v. Trenton Products Co., 560 F.2d 94 (2d Cir.1977). Thus it similarly bars any claims against defendant premised upon St. Clare's negligence in this action. Therefore defendant need not worry about vicarious liability in this action, insofar as negligence of the St. Clare's group is concerned. Res judicata bars any recovery premised upon St. Clare's (and, for that matter, Adaniel's and Iskander's) negligence.

■ Nevertheless, as defendant notes, it may still be held partially liable to plaintiff if it is found to have played any causal role in plaintiffs' injuries. Assuming that St. Clare's negligence is also found to have been a joint cause of the injuries, defendant would be entitled to contribution, although not indemnity. That is, defendant could require St. Clare's to reimburse it for any recovery against defendant by plaintiffs which exceeds the portion of the damage award attributable to defendant's conduct.

St. Clare's argues that in these circumstances it is protected by N.Y.Gen.Oblig.L. § 15–108. Section 15–108 governs contribution in a multi-defendant action when some, but not all, of the jointly liable defendants settle. Under § 15–108(b), a settling defendant is relieved of all liability for contribution to co-defendants. In return, pursuant to § 15–108(a), the plaintiff gives up all right to recover from those other defendants for that portion of the award attributable to the settling defendant's actions. If § 15–108 is applied to this action, defendant will have no recourse against St. Clare's, necessitating dismissal of the third party claims against it.

Defendant argues against the application of § 15–108, pointing out that § 15–108 is a state statute and that this action, brought under the Jones Act and maritime law, is governed by federal law. *E.g., Moye v. Henderson,* 496 F.2d 973, 980 (8th Cir. 1974). However, § 15–108 is not simply a rule of state procedural law. It defines the scope of the judgment rendered by settlement in the prior state court action for malpractice. The Full Faith and Credit clause of the Constitution requires that that judgment be given the same effect in federal court as it would be given in state court. Because of § 15–108, the state court judgment bars an action for contribution by any joint tortfeasor against St. Clare's in connection with negligent treatment of plaintiff Ivan Soto. Full faith and credit requires the federal district court to give this same effect to the judgment. Therefore, defendant cannot recover contribution from St. Clare's. Of course, the judgment also prevents plaintiffs from recovering from defendant any portion of an award attributable to St. Clare's.

In conclusion, because plaintiffs cannot hold defendant vicariously liable for any negligence of St. Clare's, defendant may not assert a claim for indemnity against the hospital. Obviously, any claims which plaintiffs might be asserting premised on this theory are dismissed. The plaintiffs are entitled to demonstrate that defendant's negligence caused them harm, and defendant will be liable for that portion of the harm which its negligence caused. Because of the prior judgment, defendant cannot, however, recover contribution from St. Clare's. The same judgment which bars defendant from seeking contribution from St. Clare's bars plaintiffs from recovering from defendant any damages which are attributable to the joint negligence of St. Clare's.

St. Clare's motion to dismiss the third party claims against it is granted. Defendant's motion for summary judgment is granted to the extent noted.

It is SO ORDERED.